[Cite as *Columbus v. Hickman*, 2013-Ohio-4154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| City of Columbus, | : | | |
| Plaintiff-Appellee, | : | | |
| v. | : | No. 13AP-103 | |
| | | (C.P.C. No. 2012 CRB 015090) | |
| Francesca Hickman, | : | | |
| | | (REGULAR CALENDAR) | |
| Defendant-Appellant. | : | | |

D E C I S I O N

Rendered on September 24, 2013

*Richard C. Pfeiffer, Jr.,* **City Attorney,** *Lara N. Baker*, **City Prosecutor, and** *Melanie R. Tobias*, **for appellee.**

*Yeura R. Venters*, **Public Defender, and** *Timothy E. Pierce*, **for appellant.**

APPEAL from the Franklin County Municipal Court

TYACK, J.

{¶ 1} Francesca Hickman is appealing from her conviction for disorderly conduct and from the restitution ordered in conjunction with that conviction. She assigns four errors for our consideration:

> First Assignment of Error: The jury's verdict convicting Appellant of disorderly conduct was against the manifest weight of the evidence.

> Second Assignment of Error: The disorderly conduct conviction was not supported by sufficient evidence.

> Third Assignment of Error: The trial court erred in failing to conduct a hearing at which the Appellant should have been afforded a meaningful opportunity to dispute the restitution amount in violation of R.C. § 2929.28(A)(1) as well as the due process provisions of the United States and Ohio Constitutions.
>
> Fourth Assignment of Error: The lower court erred when it ordered Appellant to remit $500 in restitution to Ms. Terrell in the absence of competent, credible evidence in violation of R.C. § 2929.28(A)(1) and the due process protections of the United States and Ohio Constitutions.

{¶ 2} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 3} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence

should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 4}   As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).   It was within the province of the jury to make the credibility decisions in this case.  *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 5}   With this background, we address the first two assignments of error.  On May 10 or 11, 2012, someone damaged the Chevrolet Lumina owned by Norma Terrell. The Lumina was parked next to Terrell's house in the city of Columbus.

{¶ 6}   Terrell had a surveillance camera mounted in such a way that it scanned Terrell's driveway.  Three women inside Terrell's house testified about what happened, based heavily upon what was seen on the television screen linked to the surveillance camera.

{¶ 7}   The first woman to testify was Whitney Ferguson.  She stated that she was not watching the monitor until she heard a loud noise from the driveway area.  Upon looking at the screen, she saw only Francesca Hickman in the driveway.  Hickman was running away.  Ferguson and the two other woman ran to the front door of Terrell's residence and saw Hickman get into a SUV which was parked in front of the house.  Two other woman were in the SUV.

{¶ 8}   Norma Terrell was the next witness to testify at the trial.  Terrell testified that she was at home when Ferguson and Simone Smith stopped by to visit.  Later, Terrell saw in her surveillance monitor that someone was standing behind her Chevrolet Lumina. The person threw a large rock at the rear of the Lumina shattering the glass in the rear window.

{¶ 9}   Terrell ran to her front door and saw two people getting into an SUV. Terrell did not know Hickman, but learned her name from Ferguson and Smith.

{¶ 10} Terrell knew that Smith was in a personal relationship with a Dejuan Davidson who had allegedly fathered a child born to Hickman.

{¶ 11} Simone Smith was the third witness to testify. Smith testified that Hickman threw the rock at Terrell's Lumina. Smith knew Hickman had born a child and knew Hickman alleged Dejuan Davidson, her boyfriend, was the father, but felt the allegation was not yet proved in Smith's judgment. Smith saw two other people she knew with Hickman on the night that the Lumina was damaged. In addition to the broken window, Smith testified that two tires were slashed.

{¶ 12} A Columbus police officer responded to a report of property damage and took a report regarding damage to the Lumina. The report was taken in the evening hours of May 11, 2012.

{¶ 13} Hickman's defense counsel had filed a notice of alibi for May 10, 2012, which was the date alleged in the criminal complaints. The complaints were a private filing, meaning Terrell filed the documents as opposed to a police officer filing them. The complaints were not filed until June 19, 2012. One complaint alleged criminal damaging, and the other alleged disorderly conduct based on violent or turbulent behavior.

{¶ 14} In the defense's case at trial, appellee and two of her friends testified. Hickman testified about animosity with Smith based upon Smith dating the man who Hickman felt was the father of her child while Hickman was pregnant with the child. Hickman denied harming Terrell's car and testified about being elsewhere on May 10, and May 11, 2012, at the time. Two of Hickman's friends supported Hickman's testimony.

{¶ 15} The jury found Hickman not guilty of criminal damaging but guilty of disorderly conduct based upon the allegation that Hickman engaged in violent or turbulent behavior.

{¶ 16} Based on the evidence, the jury could have believed that Hickman was not the one who actually threw the rock, but was involved in getting the group to go to the house where Smith lived and creating a ruckus, which included the rock being thrown and/or the tires of the Lumina being slashed by one or more of the group.

{¶ 17} The defense presented alibi evidence. Alibi is not an affirmative defense, but is an attack on the elements of the offenses, especially the identity of the offender. Alibi, if it raises a reasonable doubt in the minds of the jurors, should result in an

acquittal.  In fact, the jury apparently had a reasonable doubt as to the more severe charge of criminal damaging and entered a not guilty finding as to that charge.

{¶ 18} The evidence was sufficient to establish that Hickman engaged in violent or turbulent behavior when she went over to the house where Smith lived with her mother. One or more of the group then damaged the car before fleeing as a group in an SUV parked in front of Terrell's house.

{¶ 19} The evidence was sufficient to support the conviction.

{¶ 20} The jury was free to disbelieve the alibi evidence.  Clearly, Smith was accusing Hickman of being involved in damaging the car on the night the car was damaged.  The weight of the evidence was not so clearly against the prosecution's position that we can find the conviction was against the manifest weight of the evidence.

{¶ 21} The first and second assignments of error are overruled.

{¶ 22} The restitution ordered after the jury found Hickman guilty of disorderly conduct was based upon the trial judge's view that Hickman bore some responsibility for the Lumina being damaged.

{¶ 23} The total damage was allegedly $1,349.23, of which Terrell paid $500 in deductibles and her insurance company paid $849.23.  An invoice for the $1,349.23 was presented to the trial court and contested by defense counsel because no testimony was presented either by Terrell or from personnel at the body shop.

{¶ 24} The figures ordered by the trial court was not supported by any evidence per se.  A sentencing hearing does not have to be an evidentiary hearing.  *See* Evid.R. 101(C)(3).  However, the only information submitted to support the restitution order was an invoice from a Davidson's Collision Center, Inc. which referred to "Total Cost of Repairs" for work done on a 2010 Chevrolet Impala, not a Chevrolet Lumina.  The invoice does not indicate the repairs were for a smashed rear window and refers to unspecified work done on a different vehicle.  This invoice simply does not support the restitution award given.

{¶ 25} Again, we are not finding that a restitution award should not be made under the facts of this case.  We are indicating that the restitution award must have a factual basis demonstrated from the record.

{¶ 26} The third and fourth assignments of error are sustained.

{¶ 27} In review, the first two assignments of error are overruled. The third and fourth assignments of error are sustained. Francesca Hickman's conviction is affirmed but the case is remanded for a new hearing to determine the amount of restitution.

*Judgment affirmed with remand*
*to determine the amount of restitution.*

KLATT, P.J., and CONNOR, J., concur.

————————————